UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORENZO CARRUEGA, on behalf of
himself and others similarly situated

    Plaintiff,

v.                                                    Case No: 2:16-cv-715-FtM-29CM

STEVE'S PAINTING, INC. and
STEVEN BLAIR,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel Responses to Plaintiff's First Interrogatories and First Request for Production to Defendant Steve's Painting Inc. ("Steve's Painting") (Doc. 22) filed on May 26, 2017. Plaintiff alleges that he served interrogatories and requests for production of documents to Steve's Painting on April 17, 2017. Doc. 22 at 2. He states that Steve's Painting has not responded at all to these discovery requests. *Id.* at 3. Plaintiff seeks Steve's Painting's complete responses to the discovery requests served on April 17, 2017. *Id.* at 2. Although Plaintiff states that Steve's Painting objects to the requested relief, it has not responded to the present motion. *Id.* at 4.

Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party written interrogatories that relate to "any matter that may be inquired into under Rule 26(b)" as outlined above. Fed. R. Civ. P. 33(a). A written response or objection to an interrogatory is due within thirty days after the service. Fed. R. Civ. P. 33(b)(2). An objection is waived if not made timely "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3). A party objecting to an interrogatory must state "with specificity" the grounds for such objection. Fed. R. Civ. P. 33(b)(4). Furthermore, "[a] party resisting discovery must show specifically

how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. . ." *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response. Fed. R. Civ. P. 37(a)(3)(B)(iii). Whether or not to grant a motion to compel is at the discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Upon a review of the requests for production of documents, the Court is satisfied that the documents requested are relevant to this proceeding and must be produced. Doc. 22-2. Moreover, the information that Plaintiff seeks in each interrogatory is relevant and Steve's Painting must respond. Doc. 22-1. To the extent that Steve's Painting believes Plaintiff's interrogatories are objectionable, Steve's Painting waived its objections by not timely raising them. Fed. R. Civ. P. 33(b)(4). Furthermore, Steve's Painting chose not to respond to the motion to compel. Not only did Steve's Painting waive its objections, but failure to file a response to a motion creates a presumption that the motion is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). As a result, Plaintiff's motion to compel Steve's Painting to produce any and all documents that are in its possession, custody, or control that

are within the scope of the requests, and to provide full, complete, and comprehensive responses to the interrogatories is granted.

Plaintiff also seeks attorney's fees and costs associated with bringing this motion. Doc. 22 at 3-4. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in bringing the motion, including attorney's fees.[1] Fed. R. Civ. P. 37(a)(5)(A). When a party makes a claim for fees, however, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Here, Plaintiff alleges that although he attempted in good faith to resolve the disputes without the Court's intervention, Steve's Painting has not responded to the discovery requests. Doc. 22 at 4. Steve's Painting also has not responded at all to Plaintiff's request for attorney's fees and costs despite its opportunity to do so. As noted, Steve's Painting's non- response to the request creates a presumption that the

---

[1] The court must not order the payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

request is unopposed. *Great Am. Assur.*, 2012 WL 195526, at *3. Plaintiff, however, has not provided any documentation as to the amount of time expended on bringing the present motion or the hourly rate. Accordingly, Plaintiff's request for attorney's fees and costs is denied without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel Responses to Plaintiff's First Interrogatories and First Request for Production to Defendant Steve's Painting Inc. (Doc. 22) is **GRANTED**.

2. **On or before June 28, 2017**, Defendant Steve's Painting Inc. shall produce any and all documents that are in its possession, custody, or control that are within the scope of the requests laid out in Plaintiff's motion (Doc. 22-2).

3. **On or before June 28, 2017**, Defendant Steve's Painting Inc. shall provide full, complete, and comprehensive responses to the interrogatories laid out in Plaintiff's motion (Doc. 22-1).

4. If Steve's Painting Inc. is unable to produce documents responsive to the requests or provide responses to the interrogatories, then Steve's Painting Inc. must explain in reasonable factual detail the efforts that it made to obtain the requested documents and information and why it is unable to provide them. **Failure to comply may result in sanctions**.

5. Plaintiff's Request for Attorney's Fees and Costs is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of June, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record