UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORENZO CARRUEGA, on behalf of
himself and others similarly situated

    Plaintiff,

v.                                    Case No: 2:16-cv-715-FtM-29CM

STEVE'S PAINTING, INC. and
STEVEN BLAIR,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants Steve's Painting Inc.'s ("Steve's Painting") and Steven Blair's ("Blair") (collectively, "Defendants") Amended Motion for Reconsideration of this Court's Order Granting Plaintiff's Motion to Compel, or in the Alternative, Defendants' Motion to Request Limited Discovery (Doc. 26) filed on June 23, 2017, and Plaintiff Lorenzo Carruega's ("Carruega") Motion for Attorney's Fees (Doc. 28) filed on July 14, 2017. Carruega opposes Defendants' motion for reconsideration. Doc. 27. Although Carruega states that Defendants oppose his motion for attorney's fees, Defendants have not filed any response, and their time to do so has expired. Doc. 28 at 6.

On September 21, 2016, Carruega filed a Complaint and Demand for Jury Trial against Defendants, seeking recovery of overtime compensation and unpaid minimum wages under the Fair Labor Standards Act ("FLSA"). Doc. 1. On May 26, 2017, Carruega filed a motion to compel Steve's Painting's responses to his

interrogatories and requests for production of documents served in April 2017. Doc. 22. Carruega alleged that Steve's Painting did not respond at all to his discovery requests. *Id.* at 2. Steve's Painting did not respond to the motion to compel, creating a presumption that the motion was unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). As a result, upon review of Carruega's discovery requests and motion to compel, the Court granted the motion to compel. Doc. 23. In doing so, the Court also found that Steve's Painting waived its objections to Carruega's interrogatories by not timely raising them. *Id.* at 3. On June 22, 2017, Defendants moved for reconsideration of the Court's Order (Doc. 23), which the Court denied without prejudice for failure to comply with Local Rule 3.01(g). Docs. 24, 25.

## I. Motion for Reconsideration of the Court's Order (Doc. 26)

On June 23, 2017, Defendants filed the present motion, seeking the Court's reconsideration of its Order granting Carruega's motion to compel. Doc. 26. As grounds for reconsideration, Defendants allege that on January 7, 2014, Carruega executed a general release of claims by which Plaintiff released and discharged Defendants for any and all causes of action. *Id.* at 2. Defendants ask the Court to give effect to Carruega's general release by limiting all of Carruega's discovery requests to a time period of January 2014 to September 2015. *Id.* at 3. Defendants further state that in response to the Court's Order, they produced all requested documents in their control and possession. *Id.* at 3-4. In addition, Defendants assert that Carruega may not seek to discover the identities of Defendants' other

- 2 -

employees when Carruega has not moved to certify a class in this matter. *Id.* at 4-5. Carruega responds that Defendants failed to make a timely objection, and Carruega's general release is not enforceable because it was not an appropriate settlement of his FLSA claim. Doc. 27.

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration. *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Here, as a ground for reconsideration, Defendants rely on Plaintiff's general release that was executed in January 2014, which was not previously before the Court. Docs. 26, 26-1. To "introduce previously unsubmitted evidence on a motion to reconsider," Defendants, as movants for reconsideration here, bear the burden to show that "the evidence was not available during the pendency of the motion [to compel.]" *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Under Rule 60(b) of the Federal Rules of Civil Procedure, which guides Defendants' burden of presenting new evidence, reconsideration is appropriate where "there is new evidence that could not have been discovered previously with reasonable diligence." *Sec. and Exch. Comm'n v. Kirkland*, No. 6:06-cv-183-Orl-28KRS, 2008 WL 918705, at *1 (M.D. Fla. Apr. 2, 2008); *see Macleod v. Scott*, No. 3:14-cv-793-J-39MCR, 2014 WL 7005910, at *3 (M.D. Fla. Dec. 10, 2014) ("Although not specifically mentioned in the Federal Rules of Civil Procedure, a motion seeking a reconsideration of an earlier ruling is governed either by Rule 59 or Rule 60."). The court "does not abuse its discretion to deny reconsideration based on evidence that was available to the party, but the party failed to collect it or produce it." *Kirkland*, 2008 WL 918705, at *1 (citing *Bernstein v. Boies, Schiller & Flexner LLP*, 236 F. App'x 564, 571 (11th Cir. 2007)).

Here, Carruega's general release clearly was available to Defendants prior to the filing of the Complaint because it was executed in January 2014. Doc. 26-1. Defendants state that they did not timely provide the general release and their response to Carruega's motion to compel for the Court's review because of a calendaring error. Doc. 26 at 4. *See Sussman*, 153 F.R.D. at 695 (citation omitted)

("A motion to reconsider, which is based upon evidence that could have been introduced during the pendency of the motion [to compel,] will be denied without an abuse of discretion."); *Mays*, 122 F.3d at 46 ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."). Accordingly, Defendants may not introduce this new evidence with its motion for reconsideration. Doc. 26-1; *see Mays*, 122 F.3d at 46; *Sussman*, 153 F.R.D. 689 at 695 (citation omitted).

Furthermore, as Carruega argues, the validity of his general release is in question because there are only two ways for a claim under the FLSA to be settled or compromised. Doc. 27; *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54. Defendants do not argue at all that Carruega's release of his FLSA claim meets this criteria. Doc. 26; *Id.* Even assuming the general release is valid, the Complaint clearly states that he was not compensated properly from September 2013 to September 2015. Doc. 1 at 4. Yet, Defendants have not challenged the Complaint to limit the timeframe of Carruega's claim. Doc. 26. Accordingly,

Carruega's FLSA claim stands as alleged in the Complaint. Doc. 1. As a result, Carruega's discovery related to the timeframe as alleged in the Complaint is relevant for discovery purposes. *See id.*; Fed. R. Civ. P. 26(b)(1).

Lastly, Defendants argue that Carruega may not discover the identities of other putative class members at this stage.[1] Doc. 26 at 4-5. This is an objection Defendants should have raised before, not at this stage, and does not constitute a proper ground for reconsideration. *See Sussman*, 153 F.R.D. at 694. As the Court clearly held, Defendants waived its objection to Carruega's interrogatories and created a presumption that Carruega's motion to compel was unopposed by not timely responding to either Carruega's discovery requests or motion to compel. Doc. 23 at 3; *see* Fed. R. Civ. P. 33(b)(3). Based on the findings above, the Court will deny Defendants' motion for reconsideration.

## II. Carruega's Motion for Attorney's Fees (Doc. 28)

In granting Carruega's motion to compel, the Court denied without prejudice Carruega's request for attorney's fees associated with the motion to compel because Carruega did not provide any documentation as to the amount of time expended on bringing the motion or the hourly rate. Doc. 23 at 5. On July 14, 2017, Carruega filed a motion for attorney's fees, seeking an award of attorney's fees in the amount of $5,016.00. Doc. 28 at 2. His counsel states that in relation to Carruega's motion

---

[1] Carruega's Interrogatory No. 15 seeks contact and work-related information of Defendants' other employees, who received overtime compensation from September 2013 to the end of their employment. Doc. 22-1 at 10-11. Similarly, Carrugea's First Requests to Produce Nos. 14 and 15 seek documents regarding Defendants' other employees. Doc. 22-2 at 4.

to compel and Defendants' motion for reconsideration, counsel expended 9.6 hours at an hourly rate of $500.00, and his paralegal expended 1.6 hours at an hourly rate of $135.00. *Id.* In support, counsel attaches his declaration to the motion, which includes an itemization of the time expended. Doc. 28-1. Defendants have not responded to this motion, and their time to do so has expired. Defendants' non-response to the motion creates a presumption that this motion is unopposed. *Great Am. Assur.*, 2012 WL 195526, at *3.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in bringing the motion, including attorney's fees.[2] Fed. R. Civ. P. 37(a)(5)(A). When a party makes a claim for fees, however, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Here, Carruega met his burden by providing the necessary documentation of his counsel's hours and rates. Doc. 28-1. Carruega may not

---

[2] The court must not order the payment if:
    (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
    (iii)    other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

recover, however, any expenses associated with Defendants' motion for reconsideration because Rule 37(a)(5)(A) permits an award of only "reasonable expenses incurred in making the motion [to compel.]" Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court will grant in part and deny in part Carruega's motion for attorney's fees by awarding the attorney's fees for 4.2 hours expended at an hourly rate of $500.00 associated with filing the motion to compel. Doc. 28.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Amended Motion for Reconsideration of this Court's Order Granting Plaintiff's Motion to Compel, or in the Alternative, Defendants' Motion to Request Limited Discovery (Doc. 26) is **DENIED**.

2. Plaintiff's Motion for Attorneys' Fees (Doc. 28) is **GRANTED in part and DENIED in part**. Plaintiff is **AWARDED** attorney's fees **in the amount of $2,100.00**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record