UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORENZO CARRUEGA, on behalf of
himself and others similarly situated

      Plaintiff,

v.                                           Case No: 2:16-cv-715-FtM-29CM

STEVE'S PAINTING, INC. and
STEVEN BLAIR,

      Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve Settlement (Doc. 30) filed on September 25, 2017. The parties provided for the Court's review a copy of the Settlement Agreement. Doc. 30-1. The parties request that the Court approve the parties' settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. Doc. 30. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.,*

18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014).

Here, Plaintiff Lorenzo Carruega filed a Complaint and Demand for Jury Trial ("Complaint"), seeking recovery of overtime compensation and unpaid minimum wages under the FLSA against Defendants Steve's Painting Inc. ("Steve's Painting") and Steven Blair ("Blair") (collectively, "Defendants"). Doc. 1. Steve's Painting is a Florida corporation that engages in business in Lee County, Florida. *Id.* ¶ 4. Blair managed and operated Steve's Painting and exercised the authority to hire and fire employees of Steve's Painting and determine their work schedules. *Id.* ¶¶ 6-8. The Complaint alleges that Plaintiff worked as a non-exempt painter for Defendants approximately from September 2008 to September 2015. *Id.* ¶ 22. Plaintiff alleges that from September 2013 to September 2015, he was not paid any overtime premium for hours worked in excess of forty (40) hours within a workweek. *Id.* ¶¶ 23-24. Furthermore, Plaintiff claims that Defendants did not pay minimum wages required under the FLSA to Plaintiff and other non-exempt painters. *Id.* ¶¶ 41-44.

In the proposed settlement agreement, Defendants agree to pay Plaintiff a settlement amount totaling ten thousand dollars ($10,000.00) in consideration of Plaintiff's underlying claims for unpaid wages and liquidated damages. Doc. 30-1 ¶ 1(a). Defendants also will pay to Plaintiff's counsel the sum of eight thousand five hundred dollars ($8,500.00) as reasonable attorney's fees and costs, which were negotiated separately from the amount of settlement funds to be paid to Plaintiff. *Id.* ¶ 1(b).

Plaintiff estimates his unpaid overtime wages as $18,900.00, excluding liquidated damages and attorney's fees and costs. Doc. 30 at 2. Nonetheless, after reviewing his claims, Plaintiff represents that the settlement amount is a fair and reasonable settlement for all the work he performed for Defendants. *Id.* at 2. The parties represent that they thoroughly have discussed all aspects of the settlement agreement with their respective counsel and carefully have read and fully understand all of the agreement's provisions. Doc. 30-1 ¶ 5. The parties also state that they are entering into this settlement agreement voluntarily. *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court would be inclined to find the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond*, 2014 WL 2861483.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is

for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 30 at 3. As noted, as part of the settlement, Defendants agree to pay Plaintiff's attorney's fees and costs in the amount of $8,500.00. Doc. 30-1 ¶ 1(b). Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve Settlement (Doc. 30) be **GRANTED** and the Settlement Agreement (Doc. 30-1) be **APPROVED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 25th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record